```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
 2                         AT NASHVILLE

 3      UNITED STATES OF AMERICA        )
                                        )
 4                                      )
                                        )
 5      v.                              )   Case No.
                                        )   3:18-cr-00144
 6      MARK BRYANT                     )

 7

 8

 9      - - - - - - - - - - - - - - - - - - - - - - - - - - -

10    BEFORE THE HONORABLE WAVERLY D. CRENSHAW, JR., DISTRICT JUDGE

11                         TRANSCRIPT

12                            OF

13                        PROCEEDINGS

14                     February 8, 2019

15                     Trial Volume 5

16      - - - - - - - - - - - - - - - - - - - - - - - - - - -

17

18

19             APPEARANCES ON THE FOLLOWING PAGE

20

21

22

      PREPARED BY:
23             LISE S. MATTHEWS, RMR, CRR, CRC
                    Official Court Reporter
24                 801 Broadway, Room A839
                    Nashville, TN 37203
25             lise_matthews@tnmd.uscourts.gov
```

| | | |
|---|---|---|
| 1 | For the Government: | Sara E. Myers |
| 2 | | U.S. Attorney's Office |
| | | (Nashville Office) |
| 3 | | Middle District of Tennessee |
| | | 110 Ninth Avenue South |
| | | Suite A961 |
| 4 | | Nashville, Tennessee 37203-3870 |
| 5 | | Michael J. Songer |
| | | U.S. Department of Justice |
| 6 | | Criminal Division |
| | | 950 Pennsylvania Avenue, NW |
| 7 | | Washington, DC 20530 |
| 8 | For the Defendant: | Peter J. Strianse |
| | | Tune, Entrekin & White, P.C. |
| 9 | | 31 Deaderick Street |
| | | Suite 1700 |
| 10 | | Nashville, Tennessee 37238 |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

1          The above-styled cause came on to be heard on

2    February 8, 2019 before the Honorable Waverly D. Crenshaw,

3    Jr., District Judge, when the following proceedings were had,

4    to-wit:

5

6          THE COURT:  All right.  Be seated.  So I want to

7    take up Case 18-144, United States of America versus Mark

8    Bryant.  Present in the courtroom is defendant's counsel and

9    the government's counsel.  I just want to put on the record,

10   all jurors showed up this morning, they then proceeded to the

11   jury room.  And they're in the process of deliberating.

12          Okay.

13          Any questions?

14          MR. STRIANSE:  Thank you, Judge.

15          MS. MYERS:  Thank you, Your Honor.

16          (Jury not present.)

17          THE COURT:  All right.  Be seated.  Okay.  We're

18   back on the record in 18-144.  I received a note from the

19   jury that reads as follows (as read):

20              The jury cannot come to agreement to any of the

21              counts.  Please advise.

22          Dated 2/8/19 at 10:38 a.m. by ////////.

23          After a little research, the Sixth Circuit has

24   made clear that the trial court has discretion to give them

25   a -- essentially an Allen charge.  It's 9.04 in the pattern

```
 1  jury instructions.  The Sixth Circuit highly favors this
 2  language.  So I'm going to pass you out one copy to follow
 3  along and take a look at it.
 4            MR. STRIANSE:  Your Honor, I had left some
 5  research in the attorney's conference room.  Can I run and
 6  get that real quick?
 7            THE COURT:  Sure.  Do you want to take the charge
 8  with you and read it as you're walking?
 9            MR. STRIANSE:  Yes, sir.
10            (Respite.)
11            THE COURT:  The government good with that?
12            MS. MYERS:  We are, Your Honor.
13            THE COURT:  Okay.  Do you all have any suggestions
14  or anything else to do?
15            MR. SONGER:  No, Your Honor.  This language looks
16  exactly right to us.  And I think, particularly given that
17  the jury has not been deliberating for particularly long in
18  this case, this is particularly appropriate.
19            MR. STRIANSE:  Your Honor, I have no objection to
20  it.
21            THE COURT:  Okay.  Well, for the record, I'll
22  state what we all know.  My recollection is that they may
23  have deliberated no more than an hour and a half yesterday, I
24  think.
25            Is that your recollection?
```

1          MS. MYERS:  It is.  Maybe two hours.

2          THE COURT:  Maybe two hours.

3          MR. STRIANSE:  Yeah.  I think they may have

4    started at 3:00.

5          THE COURT:  Maybe two.  And then today they came

6    in at 9:00, and this note is dated -- is timed at 10:38.

7          So given that we engaged in a four -- we started

8    Monday, so a four-day trial, I don't think they've put in

9    enough time and effort.

10         I do think that this charge is appropriate at this

11   time to encourage them to go back and reconsider their

12   positions.

13         I also note, so that you all can be thinking

14   ahead, the Sixth Circuit in *U.S. v. Capozzi*, 723 F.3d 720,

15   Sixth Circuit, 2013, in that case, the District Court gave

16   the Allen charge and also asked each juror individually

17   whether he or she believed that further deliberations might

18   lead to a unanimous decision -- I think it asked the question

19   first, then gave the charge.

20         I just want to do the charge right now and send

21   them back and tell them they can order lunch or they need to

22   take care of their lunch, tell us how they want to do lunch,

23   and then, if they continue not to -- if they continue to have

24   problems, then I would consider asking each this question.

25         In *Capozzi*, after asking the question to the jury,

each juror responded they did not believe further
deliberations would facilitate a verdict, and at that point
the District Court ordered a mistrial and the Sixth Circuit
affirmed that, saying that the District Court did not abuse
its discretion in following that procedure.

        So y'all take a look and see if you agree.  We
have got -- I've got copy for the jury.  So let's bring in
the jury.

        (Jury present.)

        THE COURT:  All right.  Be seated.

        Ladies and gentlemen, the Court received your
message.  I've shared that with counsel and the parties.  I'm
now going to pass out to you an additional instruction, and
I'm going to read it to you so you can follow along.

        All right.  (As read):

        Members of the jury, I'm going to ask you to
        return to the jury room and deliberate further.  I
        realize that you are having some difficulty
        reaching unanimous agreement, but that is not
        unusual.  And sometimes, after further discussion,
        jurors are able to work out their differences and
        agree.

        Please keep in mind how very important it is
        for you to reach unanimous agreement.  If you
        cannot agree and if this case is tried again,

1    there is no reason to believe that any new

2    evidence will be presented or that the next 12

3    jurors will be any more conscientious and

4    impartial than you are.

5         Let me remind you that it is your duty as

6    jurors to talk with each other about the case, to

7    listen carefully and respectfully to each other's

8    views, and to keep an open mind as you listen to

9    what your fellow jurors have to say.

10        And let me remind you that it is your duty to

11   make every reasonable effort you can to reach

12   unanimous agreement.  Each of you, whether you are

13   in the majority or the minority, ought to

14   seriously reconsider your position in light of the

15   fact that other jurors who are just as

16   conscientious and impartial as you are have come

17   to a different conclusion.

18        Those of you who believe that the government

19   has proved the defendant guilty beyond a

20   reasonable doubt should stop and ask yourselves if

21   the evidence is really convincing enough, given

22   that other members of the jury are not convinced.

23        And those of you who believe that the

24   government has not proved the defendant guilty

25   beyond a reasonable doubt should stop and ask

1    yourselves if the doubt you have is a reasonable
2    one, given that other members of the jury do not
3    share your doubt.

4        None of you should hesitate to change your mind
5    if, after reconsidering things, you are convinced
6    that other jurors are right and that your original
7    position was wrong.

8        But remember this:  Do not ever change your
9    mind just because other jurors see things
10    differently or just to get the case over with.  As
11    I told you before, in the end, your vote must be
12    exactly that, your own vote.  As important as it
13    is for you to reach unanimous agreement, it is
14    just as important that you do so honestly and in
15    good conscience.

16        What I have just said is not meant to rush or
17    pressure you into agreeing on a verdict.  Take as
18    much time as you need to discuss things.  There is
19    no hurry.

20        I would ask now that you return to the jury room
21    and resume your deliberations.  When you do so, the court
22    service officer will discuss with you how you would like to
23    handle lunch.  The Court will take care of lunch, but it's up
24    to you all to order it in and eat in the jury room, or you
25    can go downstairs as a group under the supervision of the

```
 1    court security officer.  You'll have to eat all at the same
 2    table.  Or you can go downstairs, get your food, and bring it
 3    back up to your room.
 4              What you can't do is go to lunch individually.
 5    You all need to stay together.
 6              So at this time I'm going to ask you to return to
 7    the jury room.
 8              (Jury not present.)
 9              THE COURT:  All right.  Thank you.
10              (Respite.)
11              THE COURT:  All right.  Be seated.  Okay.
12              I received another note from the jury.  It reads
13    as follows (as read):
14                  The jury still cannot reach an agreement or
15                  any -- I'm sorry -- on any of the counts.  Please
16                  advise.
17              2:00 p.m., signed by ///////////.
18              So since I've already given them an Allen -- well,
19    let me ask the government, what are your thoughts?
20              MR. SONGER:  Your Honor, I think, you know, they
21    still have not been deliberating that long --
22              THE COURT:  I know.
23              MR. SONGER:  -- in the context of the full trial.
24              THE COURT:  I know.  They've been consistent.  But
25    I agree, they've not -- they've not.  And this is not a
```

1   complicated case.

2          But I agree with you.  Go ahead.

3          MR. SONGER:  So I -- I would just suggest that we

4   continue, at this point at least.  It's early in the

5   afternoon.  We can urge them to continue to deliberate.

6          THE COURT:  Mr. Strianse?

7          MR. STRIANSE:  Your Honor, I want to make sure

8   we're on the same page about how many hours they've

9   deliberated.  I think they started at 3:00 yesterday.

10         Does that sound right?

11         THE COURT:  Yeah, I think that sounds right.

12         MR. STRIANSE:  And I think you sent them home at

13  5:40 p.m.

14         THE COURT:  Yeah, I thought it was closer to 5:30.

15  But give or take a few minutes.  Okay.

16         MR. STRIANSE:  And then they started at 9:00 this

17  morning.

18         THE COURT:  9:10.

19         MR. STRIANSE:  9:10 this morning.

20         THE COURT:  They brought lunch in, so they

21  continued to work through lunch.

22         MR. STRIANSE:  I think they're indicating to the

23  Court that they can't reach a verdict.  I don't know at what

24  point it becomes a little coercive to them if they're sent

25  back again, when they have clearly stated that they're unable

1  to reach a verdict.

2          That's my only concern.

3          THE COURT:  Well, I gave you all the Sixth Circuit

4  case that I got from Judge Trauger.  And I was inclined to

5  ask them the question, "Do you believe that further

6  deliberations might lead to a unanimous decision?"

7          And I would ask them individually.  Let's see what

8  they say.  We might get some indication.

9          MR. SONGER:  Your Honor, I would also just point

10 out that one possible intermediate step to be considered here

11 is to issue the partial verdict instruction --

12         THE COURT:  Right.

13         MR. SONGER:  -- based on the Sixth Circuit

14 pattern.

15         THE COURT:  Right.  And I looked at that.  But

16 it's -- it seems to be pretty clear -- this instruction

17 should be used if the jurors ask or attempt to return or

18 otherwise indicate that they may have reached a partial

19 verdict.

20         And they're telling me just the opposite.  They've

21 not reached a verdict on anything.

22         MR. SONGER:  That's right, Your Honor.  That's one

23 of the circumstances in which it's appropriate.

24         I think, based on the use note, though, it could

25 also be used when they've deliberated for what they might

consider to be an extensive period of time without reaching a
verdict.

THE COURT:  Well, if we give them more time, how
much more time are we going to give them?

MR. SONGER:  I would think at least until the end
of the day today.

MR. STRIANSE:  Your Honor, I just want to be heard
for the record on the partial verdict.

THE COURT:  Okay.

MR. STRIANSE:  You know, when the government filed
or sent to Ms. Parise that suggestion about the partial
verdict, I did a little bit of quick research.  I found an
old Second Circuit case, *U.S. v. DiLapi*, D-i capital L-a-p-i,
651 F.2d, page 140.

It's not much help, but it says that the use of a
partial verdict -- that the jury basically should not be
encouraged or discouraged as far as reaching a partial
verdict.

And since they have now expressed twice that they
can't reach a verdict on any count, I would be concerned that
they might view that as some encouragement to reach a partial
verdict.

THE COURT:  Okay.  Well, given that they've told
me twice they've not reached a verdict on anything, if I had
any indication they had, I would do the partial verdict.  But

1  here I don't have any reason to believe that that would
2  result.
3              So -- so what I want to do is -- or -- is bring
4  them in, and I'm going to ask them individually at the bench,
5  with you all present, do you think that further deliberations
6  might lead to a unanimous decision.
7              MR. SONGER:  That's fine with the government, Your
8  Honor.  I would just suggest it might also be worthwhile to
9  ask them in those conversations whether they think -- in the
10 spirit of the partial verdict pattern, whether they think
11 further deliberations might yield a verdict on any one of the
12 charges.
13             THE COURT:  Right.  I don't have a Sixth Circuit
14 case at this stage in the proceedings.  And I'm -- I'm
15 persuaded by *Capozzi*, which I gave you all the cite to
16 earlier.  Let's see what they say.  Because I think we'll all
17 be able to judge how strong their result is.
18             Now, when we do that, though, I don't want them to
19 have to walk a gauntlet.  So they'll just come up here and
20 you all need to come on the other side so they can just walk
21 easily up to the bench and not have to do that.
22             All right.  Any objection to that other than
23 what's been stated?
24             MR. STRIANSE:  No, Your Honor.
25             THE COURT:  Well, I'm thinking, obviously.  I'm

wondering, in line with the government's suggestion, what
would -- it is just 2:30. What would be the harm of simply
saying or sending a note back to them, "The Court appreciates
that you've been working hard. The Court asks that you work
for another hour."

                What's the harm in that, Mr. Strianse?

                MR. STRIANSE: I don't see any harm in it. But, I
mean, they've been pretty definitive twice.

                THE COURT: Oh, yeah. I don't think they have a
problem expressing themselves.

                MR. SONGER: Your Honor, I would respectfully
suggest it might be more fruitful if we didn't give them a
hard deadline.

                THE COURT: And if you need more than an hour
after that, the Court of course would give you more time.
But I want you to try at least one more time, at least for an
hour.

                MR. SONGER: That language sounds good to me.

                THE COURT: I -- let's -- let's try that, because
then, if I have to declare a mistrial, I won't. . .

                MR. STRIANSE: Wouldn't your suggestion of
questioning them individually up there get to the heart of
it, as opposed to two definitive no's and then go back there
for an hour and wrestle?

                THE COURT: Yeah. I think in an hour we're going

to be right back asking them that, but then I think -- I
think -- I think we'll know that we gave them one more try
and it didn't happen, and then I think we are where we are.
Because it is only 2:30, a little bit after 2:30.  So I'm
going to write on here, "Please continue to deliberate at
least for another hour.  You may have more time if you like,
and then report."

        MR. SONGER:  Your Honor, my sense is that we're
likely to get them to take sort of the deliberations
seriously and work towards an agreement if we don't just
highlight a specific time.  Even if you intend to only sort
of make them go for another hour, it might be better to
encourage them to continue for an open ended --

        THE COURT:  Well, how do you want me to phrase it
then?

        MR. SONGER:  Just something to the effect, you
know, we ask you to continue -- continue working towards
reaching agreement, something of that fact.

        THE COURT:  Yeah.  But if I'm back there and I've
told the Court twice we're not going to do it, when -- what
are the magic words they need to tell the Court, you know, we
really mean it, we're not going to get there?  I would say
let's -- please continue to deliberate and give us a status
of where you are in an hour or so.  Hour or so.

        MR. SONGER:  Later today.

1      THE COURT:  Well, they may go back there --

2      MR. SONGER:  Your Honor --

3      THE COURT:  I want -- if we're going to do that, I

4  want them to go back more than 15 minutes and say here's

5  another note.  But now we're getting awfully close to making

6  them do something.

7      MR. STRIANSE:  And just for the record, I want to

8  make sure that my objection is noted.  I agree with the

9  Court's suggestion of bringing them in individually.  You

10  could either poll them as they sit in the box or you could do

11  it at the bench, if that makes the Court more comfortable,

12  but you've given them encouragement through the Allen charge.

13  You've sent them back, given them additional time to do it.

14      And then the concern that I have is that you're

15  going to send yet another note back to them, and I think we

16  could cross the line of it becoming coercive.  And I just

17  want to make sure that my objection is on the record.

18      THE COURT:  Let me reread you their message.

19  Maybe -- maybe that -- the jury -- this is a quote (as read):

20          The jury still cannot reach an agreement on any

21          of the counts.  Please advise.

22      Do you have the first note?  I think -- I don't

23  want to parse this out, but they did -- the word "still" sort

24  of rings out to me.  The first note said (as read):

25          The jury cannot come to agreement to any of the

1        counts.  Please advise.

2        "The jury still cannot reach an agreement."  All

3   right.  Here you go.

4        Let's bring them in and I'll question them at the

5   bench.

6        (Jury present.)

7        THE COURT:  All right.  Be seated.  Ladies and

8   gentlemen, I received your note, and what I would like to do

9   is talk to each of you individually here at the bench.  I can

10  tell you, I'm going to ask you one question:  Do you believe

11  that further deliberations might lead to a unanimous

12  decision?  And I would like to do that here at the bench if

13  you don't mind.

14       So, ////////////////////////////////, could you

15  approach.

16       And you don't have to worry.  The attorneys aren't

17  going to ask you anything.  I'll be doing all the talking.

18       (Bench conference outside of the hearing of the

19       jury.)

20       THE COURT:  /////////////////////, do you believe that

21  if you all had further deliberations, it might lead to a

22  unanimous decision?

23       JUROR:  No, Your Honor.

24       THE COURT:  Don't say any -- don't tell me --

25  okay.  Thank you.

1          All right. ////////////.

2          Do you believe that if you all went back and had

3   further deliberations for a while, it might lead to a

4   unanimous decision?

5          JUROR:  No way in -- anything.

6          THE COURT:  Okay.

7          JUROR:  I'm sorry to say.

8          THE COURT:  That's okay.

9          ////////////.

10          ////////////, do you think if you all had a little bit

11  more time and deliberated a little longer, it might lead to a

12  unanimous decision?

13          JUROR:  I don't know that there's any way, Judge.

14          THE COURT:  Okay.  Thank you.

15          All right. ///////////////.

16          ///////////////, do you think that if y'all had a

17  little bit more time, you might reach a unanimous decision?

18          JUROR:  Your Honor, some of the --

19          THE COURT:  Just tell me "yes" or "no."

20          JUROR:  No.  I don't think so.  Because --

21          THE COURT:  That's fine.

22          JUROR:  -- they're deadlocked.

23          THE COURT:  All right. ////////////.

24          JUROR:  Good afternoon.

25          THE COURT:  Good afternoon.

1                    ///////////, do you think if y'all had a little bit

2  more time you might be able to reach a unanimous decision?

3                    JUROR:  No, I do not.

4                    THE COURT:  Okay.  Thank you.

5                    JUROR:  Okay.

6                    THE COURT:  All right.

7                    Ms. McDowell.

8                    Ms. McDowell, do you think if y'all had a little

9  bit more time to work on the case, you might reach a

10  unanimous decision?

11                   JUROR:  No.

12                   THE COURT:  Okay.  Thank you.

13                   All right.  ///////////.

14                   How are you?

15                   JUROR:  I'm good.  How are you?

16                   THE COURT:  Do you think if y'all had a little bit

17  more time to deliberate you might reach a unanimous decision?

18                   JUROR:  I don't think so.

19                   THE COURT:  Okay.  Thank you.

20                   All right.  /////////////.

21                   /////////////, do you think if you all had a

22  little bit more time you might reach a unanimous decision?

23                   JUROR:  I'm sorry, no, sir, I don't think so.

24                   THE COURT:  Okay.  Thank you.

25                   All right.  ///////////.

1          Do you think if you all had a little bit more time
2    to deliberate, you might reach a unanimous decision?
3          JUROR:  I say no.
4          THE COURT:  Okay.  I hear you.
5          ////////////.
6          ////////////, do you think if you all had some more
7    time to deliberate you might reach a unanimous decision?
8          JUROR:  No, Your Honor.
9          THE COURT:  Okay.
10         JUROR:  Unfortunately not.
11         THE COURT:  Okay.  Thank you.
12         JUROR:  Right.
13         THE COURT:  All right.  ////////////.
14         ////////////, do you think if you all had a little
15    bit more time you might reach a unanimous decision?
16         JUROR:  No, sir.
17         THE COURT:  Okay.  Thank you.
18         JUROR:  Thank you.
19         THE COURT:  All right.  And ////////////.
20         Do you think if you all had a little bit more time
21    you might reach a unanimous decision?
22         JUROR:  I wish I could say yes, but unfortunately,
23    no.
24         THE COURT:  Okay.  Thank you.
25         Any thoughts?  Because otherwise I'll just declare

1 a mistrial.  Any thoughts?  Because they seemed all pretty
2 emphatic.  There were some strong ones.
3             MS. MYERS:  I think it was clear.
4             THE COURT:  Yes.
5             MR. SONGER:  Agree.
6             MR. STRIANSE:  Judge --
7             THE COURT:  I'm going to release them.
8             MR. STRIANSE:  Judge Trauger has a practice of her
9 talking to the jurors.  I think it might help us going
10 forward if we knew what the split was or something.
11             THE COURT:  No.  Actually, she picked that up from
12 my practice.
13             MR. STRIANSE:  Forgive me.  I'm sorry.
14             THE COURT:  Give me credit for something.
15             MR. STRIANSE:  Well, she took credit for it.
16             MS. MYERS:  I do agree --
17             THE COURT:  She said, "I'm going to do that too
18 now," and she did it one time.
19             We're not going to have any discussion about the
20 case whatsoever.  What I typically do is thank them.  And I
21 will thank them for their service.  I appreciate them giving
22 up their time all week for it.
23             I do ask them -- but I don't tell the lawyers
24 what -- what -- I do ask them what can the Court do that I
25 can do better.  Did anything I did particularly bother them.

1    And I do ask them, you know, if you -- if you
2  could tell the lawyers some way they could improve -- but I
3  don't tell you all.  I tell the next group of lawyers that.
4  But I think it would be totally inappropriate to talk about
5  the case.
6    MS. MYERS:  What about in terms of the split,
7  though?  I think that that might actually be helpful in terms
8  of both parties making a determination on how to move forward
9  post-mistrial.
10    THE COURT:  Well, what's my authority for that?
11 Because everything I've just told them is at no time tell me
12 what your split is.
13    MR. STRIANSE:  I don't have any authority.  Just
14 anecdotal from trying cases for years.  Usually it's a
15 question posed by the Court to the jurors so we would know.
16 It helps us to see if we could settle this thing in the
17 future.
18    MS. MYERS:  Right.
19    THE COURT:  What about we ask the foreperson, ▨▨▨
20 ▨▨▨▨ --
21    MS. MYERS:  If he has a count?
22    THE COURT:  Presumably he --
23    MS. MYERS:  Hopefully.
24    THE COURT:  If not --
25    MR. SONGER:  That tells us something.

1          THE COURT:  Let's ask Mr. Stora.

2          MR. SONGER:  That sounds right.

3          THE COURT:  And then I'm going to let them go, and

4    then I'll declare a mistrial, and then I'll thank them in

5    person.

6          Do you all want to do it on per count or --

7          MR. SONGER:  Yeah, I think per count would be --

8    would be most helpful for allowing us to -- how we might

9    resolve the case going forward.

10          THE COURT:  Why don't we group it and say on One

11    and Two, what was roughly your split, and then on Three and

12    Four, ask ////////// that.

13          MR. SONGER:  Okay.

14          THE COURT:  You'd know more than you know now.

15    Right?

16          MR. SONGER:  Sure.

17          (Jury present.)

18          THE COURT:  All right.

19          ////////// -- as I understand, ladies and

20    gentlemen, your foreperson is //////////.

21          //////////, could you come to the bench.

22          (Bench conference outside the hearing of the

23          jury.)

24          JUROR:  Yes, sir.

25          THE COURT:  Okay.  I just want you to feel real

1   special.

2             JUROR:  Thanks.

3             THE COURT:  I thank you for all that you all have

4   done, and I can tell you have worked very hard.  I can tell

5   that.  And I appreciate that.  The parties appreciate that.

6             So this case is going to come to an end.  And it

7   would be helpful to the parties if you could share, to the

8   extent you remember and the extent you feel comfortable --

9             JUROR:  Uh-huh.

10            THE COURT:  -- where your division was, say on

11  Counts One and Two and then Counts Three and Four.  Are you

12  okay doing that?

13            JUROR:  Sure.

14            THE COURT:  So on One -- numerical, on One and

15  Two, where were you all?

16            JUROR:  Where we disagreed was the --

17            THE COURT:  Well, just give us the numerical part.

18            JUROR:  In Counts One and Two --

19            THE COURT:  Yeah.

20            JUROR:  Counts One and Two was the same.

21            THE COURT:  Right.

22            JUROR:  We fell short of deciding upon intent.

23  Okay.  Whether he did this --

24            THE COURT:  Okay.  And what was the numerical

25  count?

```
1          JUROR:  It was -- in every case, it was nine to
2   three.  We had three holdouts in every -- in all four counts.
3          THE COURT:  Going which way?
4          JUROR:  In all four counts.  Nine guilty to three
5   innocent on all four counts.
6          THE COURT:  Thank you.  Okay.  Thank you.
7          JUROR:  Okay?
8          THE COURT:  All right.  Anything else?
9          MR. STRIANSE:  No, Your Honor.
10         MS. MYERS:  That's all.  Thank you.
11         THE COURT:  I'm sorry?
12         MS. MYERS:  I said that's all.  Thank you.
13         (Jury present.)
14         THE COURT:  All right.  Ladies and gentlemen, that
15  concludes your participation in this case.  I know you all
16  have worked very hard.  I got a very good sense of that
17  talking to you individually.  And I appreciate you doing so.
18         I also appreciate that you've given up your week.
19  We started on a Monday and today is Friday.  So you go with
20  the Court's thanks and appreciation for all of your hard work
21  and effort in the case.
22         If you don't mind, I would like to come back into
23  the jury room and thank you individually.  It won't take but
24  a second.  But if you could give me that time, I'll be back
25  there in a minute.  All right.
```

```
1              (Jury excused.)

2              THE COURT:  All right.  Be seated.  Given the

3    jury's inability to reach a verdict I'm going to enter an

4    order of mistrial, and I'll wait on the government or the

5    parties to -- let's file a motion if we need to reschedule

6    this matter.

7              Does that work?

8              MR. SONGER:  Your Honor --

9              THE COURT:  Okay.

10             MR. SONGER:  -- is there a date by which you would

11   like us to notify the Court?

12             THE COURT:  No.  I figure you all will do that in

13   due time.

14             Okay.  Thank you.

15             (Court adjourned.)

16

17

18

19

20

21

22

23

24

25
```

1  REPORTER'S CERTIFICATE

2

3       I, Lise S. Matthews, Official Court Reporter for

4  the United States District Court for the Middle District of

5  Tennessee, with offices at Nashville, do hereby certify:

6       That I reported on the Stenograph machine the

7  proceedings held in open court on February 8, 2019, in the

8  matter of UNITED STATES OF AMERICA v. MARK BRYANT, Case

9  No. 3:18-cr-00144; that said proceedings in connection with

10  the hearing were reduced to typewritten form by me; and that

11  the foregoing transcript (pages 1 through 26) is a true and

12  accurate record of said proceedings.

13       This the 24th day of March, 2019.

14

15                       /s/ Lise S. Matthews
                              LISE S. MATTHEWS, RMR, CRR, CRC

16                              Official Court Reporter

17

18

19

20

21

22

23

24

25