UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cr-00144 |
| | ) | Chief Judge Crenshaw |
| MARK BRYANT | ) | |

## RESPONSE OF DEFENDANT MARK BRYANT
## TO THE GOVERNMENT'S POSITION REGARDING SENTENCING

**COMES NOW** the Defendant, **Mark Bryant**, by and through his undersigned counsel, and hereby responds to the government's sentencing position paper. (Docket Entry 125). In its position paper, the government urges that Mr. Bryant receive a two-level increase in his total offense level pursuant to United States Sentencing Guidelines § 3C1.1 based upon alleged obstructive behavior. *Id.* Specifically, the government claims that Mr. Bryant "falsely told the FBI that, during the 10/20 p.m. incident, he did not use his taser after Norris was placed in handcuffs and leg shackles and then omitted all material details of this tasing from his incident report." *Id.* at Page ID# 2192.

This same conduct was alleged in Counts Four and Five of the Superseding Indictment. (Docket Entry 70). Significantly, the jury acquitted Mr. Bryant of Counts Three, Four and Five of the Superseding Indictment, all of which alleged some species of obstructive behavior and false statements. (*Verdict Form*, Docket Entry 104, Page ID# 1092). Respectfully, Defendant Bryant agrees with the assessment of U.S. Probation Officer Michael Wilson as expressed in his *Addendum to the Presentence Report*, filed September 22, 2020. In the *Addendum*, Probation Officer Wilson concludes that "[i]t does not appear defendant's lie [Defendant Bryant does not concede that he lied in any respect] actually obstructed the investigation or prosecution of the offense." *Id.* at p. 2 of *Revised* PSR & Addendum.

## Discussion

It is the government's burden to prove the applicability of a Section § 3C1.1 enhancement for obstruction of justice by a preponderance of the evidence. *United States v. Helbling*, 209 F.3d 226, 250 (3d Cir. 2000) (citing *United States v. Belletiere*, 971 F.2d 961, 965 (3d Cir. 1992)). Section § 3C1.1 provides that: "[i]f ... the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, ... increase the offense level by 2 levels." U.S.S.G. § 3C1.1. The commentary notes explain that "[t]his adjustment applies if the defendant's obstructive conduct (A) occurred with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant." *Id.* at n.1. The Guidelines provide a non-exhaustive list of the types of conduct covered by this provision including: "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so"; "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction"; and "providing materially false information to a judge or magistrate judge." *Id.* at n. 4(A), (B), and (F). The commentary further defines materially false information as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." *Id.* at n.6.

Importantly, the commentary to U.S.S.G. § 3C1.1 states that this "provision is not intended to punish a defendant for the exercise of a constitutional right." U.S.S.G. § 3C1.1, app. n. 2. The commentary also warns that "the court should be cognizant that inaccurate testimony or statements

sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice. U.S.S.G. § 3C1.1, app. n. 2. "A district court may not base a finding of perjury upon the mere fact that the jury returned a verdict of guilty after the defendant testified." *United States v. Spears,* 49 F.3d 1136, 1143 (6th Cir. 1995).

The Sixth Circuit has held that in order "[t]o ensure that defendants who are found guilty are not penalized by automatic enhancement of their sentences under § 3C1.1 for having testified, the United States Supreme Court has required if a defendant objects to an enhancement for obstruction of justice, the district court must 'review the evidence and make independent findings necessary to establish' the perjury." *United States v. Spears,* 49 F.3d 1136, 1143 (6th Cir. 1995). In *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111 (1993), the Supreme Court made clear that not every defendant who testifies and is convicted is subject to the obstruction enhancement:

> [N]ot every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury. As we have just observed, an accused may give inaccurate testimony due to confusion, mistake, or faulty memory. In other instances, an accused may testify to matters such as lack of capacity, insanity, duress, or self-defense. Her testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent. For these reasons, if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out. When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if, as was the case here, the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.

*Dunnigan*, 507 U.S. at 95. Thus, to apply the obstruction enhancement under § 3C1.1, a court

3

must: "(1) identify those particular portions of defendant's testimony that it considers to be perjurious; and (2) either make a specific finding for each element of perjury or, at least, make a finding that encompasses all of the factual predicates for a finding of perjury." *United States v. Sassanelli*, 118 F.3d 495, 501 (6th Cir. 1997); *United States v. Lawrence*, 308 F.3d 623, 632 (6th Cir. 2002) (same); *United States v. Robinson*, 656 Fed. Appx. 145 (6th Cir. 2016) (same). In *Dunnigan,* the Supreme Court explained that "perjury occurs when a witness, testifying under oath or affirmation, 'gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *Lawrence*, 308 F.3d at 632 (quoting *Dunnigan, 507 U.S.* at 94).

Importantly, a district court determining whether a statement is perjury should view the statement in a light most favorable to the defendant. *See United States v. Hendrickson,* 460 Fed. Appx. 516, 519 (6th Cir. 2012). Moreover, a "district court may not rely solely on the jury's verdict but must instead make an independent finding that the defendant committed perjury." *Sassinelli*, 118 F.3d at 500. Indeed, "not every false statement made by a criminal defendant at trial necessarily qualifies as perjury." *United States v. Bazazpour,* 690 F.3d 796, 807 (6th Cir. 2012).

Beyond trial testimony, the government insists that Mr. Bryant lied in a joint TBI/FBI audio interview conducted nine months after the events alleged in the Superseding Indictment regarding the issue of whether Bryant tased Norris after he was fully restrained. Notably, Bryant appeared at the interview, conducted at the District Attorney's Office in Ashland City, voluntarily and without counsel. He answered all questions to the best of his ability. Unlike the agents conducting the interview, Bryant did not have the ability to review the video footage of the events at the jail on November 5, 2016 before answering questions. He was careful to let the interviewers, and the subsequent trial juries for that matter, know that it had been quite some time between the events

4

and the interview and that his memory could be flawed. The government has not established (and cannot establish) that a failed recollection, which is clarified by objective physical evidence, is either perjurious or material.

Certainly, in the light most favorable to the defendant, the government cannot carry its burden of proof on any factual grounds. *United States v. Hendrickson,* 460 Fed. Appx. 516, 519 (6th Cir. 2012) (a district court determining whether a statement is perjury should view the statement in a light most favorable to the defendant).

        Respectfully submitted,

        **TUNE, ENTREKIN & WHITE, P.C.**
        315 Deaderick Street, Suite 1700
        Nashville, TN 37238
        (615) 244-2770
        pstrianse@tewlawfirm.com

        BY:  <u>s/ Peter J. Strianse</u>
                PETER J. STRIANSE
                Attorney for Defendant Bryant

5

Case 3:18-cr-00144    Document 129    Filed 11/18/20    Page 5 of 6 PageID #: 2225

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system unless not registered and, in that event deposited in the United States mail, postage prepaid, to:

      Sara Beth Myers
Assistant United States Attorney
Middle District of Tennessee
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203-3870

Michael J. Songer
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

**VIA EMAIL**
Michael Wilson
Senior U.S. Probation Officer
Michael_Wilson@tnmp.uscourts.gov

This 18th day of November, 2020.

                                                S/ Peter J. Strianse
                                                PETER J. STRIANSE